# EXHIBIT "A"

Filing # 45561216 E-Filed 08/23/2016 12:26:32 PM

|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |

BRETT TATUM,

    Plaintiff,

vs.                                                    Case No. 2016-020514-CA-01

BOSS WINGS III, LLC,
a Florida Profit Corporation, and
TAWANDA ROBERTS, individually,

    Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: BOSS WINGS III, LLC through its Registered Agent:

    TAWANDA ROBERTS
    20565 OLD CUTLER RD
    MIAMI, FL 33189

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET, STE. 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                  8/25/2016

CLERK                              DATE

          309876

(BY) DEPUTY CLERK



THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BRETT TATUM,

    Plaintiff,

vs.      Case No. 2016-020514-CA-01

BOSS WINGS III, LLC,
a Florida Profit Corporation, and
TAWANDA ROBERTS, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, BRETT TATUM ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, BOSS WINGS III, LLC and TAWANDA ROBERTS ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4.  Defendant, BOSS WINGS III, LLC, is a Florida Profit Corporation having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.  Defendant, TAWANDA ROBERTS, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, BOSS WINGS III, LLC

6.  Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

7.  Declaratory, injunctive, Punitive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.  Plaintiff performed work for Defendants as a non-exempt employee from on or about September 19th, 2014 to on or about March 1st, 2016.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full

knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

12. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

13. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendants' failure to properly pay overtime wages.

14. On or about February 28th, 2016 through March 1st, 2016 Plaintiff was admitted and treated at West Kendall Baptist Hospital for Sickle Cell Crisis, Anemia. Defendants were put on notice of Plaintiff's request for medical leave.

15. On or about March 1st, 2016, Defendants terminated Plaintiff in retaliation for engaging the protected activity described above.

## COUNT I
### Breach of Agreement Against
### BOSS WINGS III, LLC

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

18. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against*
### BOSS WINGS III, LLC

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

20. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

21. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

22. Defendants accepted Plaintiff's services to Defendants.

23. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against*
### BOSS WINGS III, LLC

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

26. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

27. Defendants have knowledge of the services performed and provided by Plaintiff.

28. Defendants voluntarily accepted the services performed and provided by Plaintiff.

29. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT IV
*Wage & Hour Federal Statutory Violation Against*
*BOSS WINGS III, LLC*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United

States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

35. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

36. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

38. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

39. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation Against TAWANDA ROBERTS*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

42. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, BOSS WINGS III, LLC

43. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

44. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

45. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VI
*FLSA Retaliation Violation Against*
*BOSS WINGS III, LLC*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

47. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

48. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

49. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

50. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

    D. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VII
### *Interference With Rights Under The FMLA*

1. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

2. Plaintiff is an individual entitled to protection under the FMLA.

3. Plaintiff is an employee within the meaning of the FMLA.

4. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

5. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

6. Defendant's actions constitute violations of the FMLA.

7. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the

full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### *Retaliation Under The FMLA*

8. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

9. Plaintiff is an individual entitled to protection under the FMLA.

10. Plaintiff is an employee within the meaning of the FMLA.

11. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

12. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

13. Defendant's actions constitute a violation of the FMLA.

14. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 8th, 2016

Respectfully submitted,

**Remer & Georges-Pierre, PLLC**
*Attorneys for Plaintiff*
Courthouse Tower
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

By: /s/ Peter M. Hoogerwoerd
    Peter M. Hoogerwoerd, Esq.
    Fla. Bar No.: 188239